```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEIVAN WILLIAMS,                                            |
                                                            |
                    Petitioner,                             |   14-CV-0829 (KMW)
                                                            |   OPINION & ORDER
        -against-                                           |
                                                            |
UNITED STATES OF AMERICA,                                   |
                                                            |
                    Respondents.                            |
------------------------------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

*Pro se* petitioner Keivan Williams seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, based on allegations that his trial attorney, Stanislao German, rendered ineffective assistance of counsel by failing to object to errors in Williams's pre-sentencing report ("PSR"). For the reasons stated herein, Williams's petition is GRANTED.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

*a. The Crime*

Williams was arrested after his wife called the police stating that Williams was threatening to kill her. Williams's wife directed the police to Williams's car, and showed the police where Williams had hidden a large amount of cocaine as well as a loaded gun.

Williams was charged with and pleaded guilty to three counts: Count One charged Williams with possessing a firearm after having been previously convicted of a felony, pursuant to 18 U.S.C. § 922(g)(1); Count Two charged him with possessing with intent to distribute more than 300 grams of cocaine, pursuant to 21 U.S.C. § 841(b)(1)(A); and Count Three charged him with the possession of a firearm in furtherance of a drug-trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

### b.  Criminal History

In connection with his guilty plea, the Government provided Williams with a *Pimentel* letter, which, *inter alia*, listed Williams's criminal history.  In that letter, the Government calculated that Williams had accrued seven criminal history points at the time he committed the crimes described above.  (Gov't's Opp'n Mem., Ex. C [ECF No. 25-3] at 6).  Although Williams's criminal history included seven different felonies, Williams received criminal history points for only one of them.  (*Id.* at 6–7).  Williams's remaining six criminal history points related to misdemeanors.  (*Id.*)

### c.  Sentencing

The Government initially attempted to subject Williams to the enhanced penalty provisions of the Armed Criminal Career Act, which would have resulted in a mandatory, consecutive sentence of 15 years on Count One alone.  *See* (Gov't Ltr., *U.S. v. Williams*, 10-CR-467 [ECF No. 31] at 1); 18 U.S.C. § 924(e).  After the parties briefed the issue, the Government conceded that it could not carry its burden of showing that Williams had committed three prior felonies that involved a crime of violence or the sale of a controlled substance.  (Gov't Ltr., *U.S. v. Williams*, at 1–2).

Both the Government and German, Williams's counsel, agreed, however, that pursuant to U.S.S.G. § 2K2.1(a)(2),[1] Williams's base offense level for Count One was 24.  *See* (Williams Sentencing Mem., *U.S. v. Williams* [ECF No. 42] at 4); (Gov't Sentencing Mem., *U.S. v. Williams* [ECF No. 44] at 3).  Both parties similarly agreed that the base offense level of Count Two was 22.  *See* (Williams Sentencing Mem., *U.S. v. Williams*, at 4); (Gov't Sentencing Mem.,

---

[1] Section 2K2.1(a)(2) provides that the defendant's base level should be set at 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."

*U.S. v. Williams*, at 3). Because those two counts could not be grouped together, Williams's adjusted offense level was set at 26. *See* (Williams Sentencing Mem., *U.S. v. Williams*, at 4); (Gov't Sentencing Mem., *U.S. v. Williams*, at 3); U.S.S.G. § 3D1.4. Based on a three-point offense level reduction for timely acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), (b), both the Government and German ultimately agreed that Williams's final adjusted offense level was 23. *See* (Williams Sentencing Mem., *U.S. v. Williams*, at 4); (Gov't Sentencing Mem., *U.S. v. Williams*, at 3).

With an offense level of 23 and a criminal history category of four (based on the seven criminal history points referred to above), Williams's Sentencing Guidelines range was 70 to 87 months. *See* Federal Sentencing Guidelines 2013, Sentencing Table. Because Williams's third Count required a five-year mandatory consecutive sentence, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), his final adjusted Guidelines range was 130 to 147 months.

At sentencing, the Court accepted the Sentencing Guidelines range of 130 to 147 months, noting that the range was agreed upon by both parties. Based on the 18 U.S.C. § 3553(a) factors, the Court sentenced Williams to the "low end of the advisory guidelines"—130 months—but took off an additional four months because of time Williams had already served. (Trial Trans., *U.S. v. Williams* [ECF No. 46] at 19).

d. Habeas Petition

Williams filed the instant petition on February 4, 2014. He offered two grounds for why his sentence should be vacated. First, he asserted that "[c]ounsel was ineffective for not objecting to probation sentencing report enhancements." (Compl. [ECF No. 1] at 4). Specifically, he stated that "[u]nder Amendment 599 sentencing enhancements 2D1.1(b)(1) and 2K2.1(b)(5) cannot be applied to a [sic] individual who has been convicted under 8 USC

924(c)." (*Id.*) Second, Williams argued that "[c]ounsel was ineffective for failing to file a motion to suppress evidence confiscated from vehicle." (*Id.* at 5).

After the Government filed a brief in opposition to Williams's petition, Williams filed a response and changed his theory of relief for his first claim. In this new filing, Williams states:

> [T]he government did apply a sentence enhancement under 2K2.1(A)(2), which was also a four point enhancement, but which should have also been inapplicable to my case as well. To receive an enhancement under 2K2.1(A)(2), I would have had to had [sic] 2 prior felony convictions, and I only had one prior felony conviction.

(Pet'r's Traverse [ECF No. 27] at 1). Williams later elaborated that:

> Under the Federal Sentencing Guidelines Manual (Guidelines), "[F]or purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under 4A1.1(a), (b), or (c) . . . . 2K2.1(A)(2) . . . was inapplicable to my sentence . . . because I only had one prior felony for which I received a criminal history point, and not two as would be required for me to get the 2K2.1(A)(2) enhancement.

(*Id.* at 1–2).

## II.   LEGAL STANDARDS

### a.   Habeas Relief Pursuant to 28 U.S.C. § 2255

Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (internal quotation marks and citations omitted). Generally, a petitioner may not present a habeas claim if he did not properly raise it on direct review. *See Reed v. Farley*, 512 U.S. 339, 354 (1994). However, the Supreme Court has determined that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 505–06 (2003). In fact, § 2255 is the preferred method for bringing a claim

4

of ineffective assistance of counsel because a district court's assessment of a § 2255 claim provides "the forum best suited to developing the facts necessary to determining the adequacy of representation." *Id.* at 505.

### b. Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, a petitioner must meet the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984): A petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that counsel's deficient performance prejudiced" the petitioner. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (internal quotation marks omitted).

Courts must analyze "the facts of the particular case, viewed as of the time of counsel's conduct," to determine whether counsel's conduct is objectively unreasonable. *Id*. at 477. In order to "give appropriate deference to counsel's independent decisionmaking," courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008) (internal quotation marks omitted). Williams "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1985) (quotation marks omitted). The Court must evaluate counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Id.* To show prejudice, Williams must show "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 375.

**III.  ANALYSIS**

Williams's petition attempts to prove a Sixth Amendment violation of his right to counsel based on two claims: (a) his counsel's refusal to move to suppress evidence confiscated from Williams's vehicle, and (b) his counsel's failure to challenge errors in his PSR.  Although the Court finds Williams's first claim meritless, the Court holds that Williams received ineffective assistance of counsel due to his counsel's failure to challenge errors in his PSR.

*a.  Suppression of Evidence from Williams's Vehicle*

Williams argues that his "vehicle was not incident to a [sic] arrest and the search of the vehicle was warrantless." (Compl. 6).  Therefore, his Sixth Amendment right to counsel was violated because "the evidence could have been suppressed had counsel filed a motion to suppress." (*Id.*)  The Court disagrees.

As the affidavit submitted by German makes clear, Williams knowingly and voluntarily agreed to forego a suppression hearing for strategic reasons.  *See* (German Decl. ¶ 11).  German initially recommended Williams pursue a suppression hearing when the matter was pending in state court. (German Decl. ¶ 11(b)).  After the matter was transferred to federal court, however, German determined that the law in the Second Circuit was significantly less favorable to Williams.  He thus recommended against pursuing a suppression hearing in light of certain harmful facts that German believed were likely to come out should Williams pursue the hearing. (German Decl. ¶ 11(c)–(f)).  After discussing this all with Williams "at length," German and Williams "agreed upon a strategic decision not to litigate what was likely a losing motion." (German Decl. ¶ 11(g)).

In light of German's credible affidavit, the Court concludes that Williams received effective assistance of counsel in deciding not to pursue a suppression hearing.  Williams has not

6

met the first prong of the *Strickland* test with respect to this claim; he has not proved that German's conduct was "unreasonably deficient under prevailing professional standards."[2] *United States v. Darling*, 519 F. App'x 58, 60 (2d Cir. 2013) (citing *Strickland*, 466 U.S. 687).

### b. Pre-Sentencing Report Errors

The Government contends, and Williams appears to concede, that Williams's initial claim of ineffective assistance of counsel was erroneous. *See* (Gov't's Opp'n Mem. [ECF No. 25] at 9–10); (Pet'r's Traverse ¶ 2). However, as previously discussed, Williams later amended his complaint and changed his theory of relief.[3] Accordingly, the Court must decide whether Williams's amendment is timely before it directly addresses his substantive claim.

### i. Williams's Amendment Is Timely

Williams's amendment would ordinarily be time-barred because he filed the amendment more than a year after the ability to appeal his sentence had expired.[4] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). However, an amendment is nonetheless timely if it "relates back" to the date of the original habeas motion.

---

[2] Because Williams has failed to meet the first prong of the *Strickland* test, the Court will not address whether he suffered prejudice from counsel's alleged conduct. *See Khan v. United States*, Nos. 11-CV-7613, 07-CR-711, 2014 WL 2111677, at *11 (S.D.N.Y. Apr. 28, 2014) (Preska, J.).

[3] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Williams needed leave from the Court to amend his complaint. He does not meet the requirements for amending a complaint set forth in Rule 15(a)(1), and he did not receive written consent from the Government. Nonetheless, he filed his proposed amendment prior to an adjudication on the merits of his initial petition, and therefore, the liberal standard of Rule 15(a)(2) applies to Williams's amendment. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("[I]t is clear that when amendment of a [habeas] petition is sought before the district court rules on the merits of the petition, the motion to amend is not a second or successive petition. . . . Given that motions to amend are not successive habeas petitions, the standard for granting or denying a motion to amend is thus governed by Federal Rule of Civil Procedure 15(a)."). Rule 15(a)(2) requires that courts "freely give leave when justice so requires." Given the complexity of the Sentencing Guidelines Williams relies upon for his claim, and Williams's *pro se* status, justice requires the Court to allow Williams's amendment. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally . . . .").

[4] Williams was sentenced on March 12, 2013, and he filed his amendment on November 11, 2014. *See* (Trial Trans.); (Pet'r's Traverse). His initial complaint was filed on December 17, 2013, *see* (Compl.), and was thus within the one-year statute of limitations.

*See* Fed. R. Civ. P. 15(c). An amendment relates back when, *inter alia*, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.* 15(c)(1)(B).

The Government argues that Williams's amendment does not relate back because it "states an entirely new claim for relief in that it alleges that counsel was ineffective for a reason other than that previously set forth in the defendant's petition." (Resp't's Ltr. [ECF No. 31] at 2). The Government's argument is unpersuasive. Williams's amendment easily meets Rule 15(c)'s requirement that the claim "arose out of the conduct, transaction, or occurrence" detailed in the original complaint. His original complaint alleged that German failed to contest a mistake in the PSR and thereby provided Williams with ineffective assistance of counsel. His amended complaint contends the same thing; it simply alleges a different PSR mistake. Because Williams's amended complaint is based on the same conduct as his original complaint, Williams's claim "relates back" and is therefore timely under Rule 15(c).

      ii.   <u>Williams Received Ineffective Assistance of Counsel</u>

Williams argues, and the Government appears to have conceded, that he was sentenced pursuant to a mistake in his PSR. *See* (Resp't's Ltr. 4) ("At the time of the March 14, 2013 sentencing, the parties erroneously argued that the defendant's recommended Guidelines sentencing range was 130 to 147 months' imprisonment. . . . The corrected Guidelines sentencing range should have been 117 to 131 months' imprisonment.").[5]

---

[5] The Court agrees that the PSR erroneously calculated Williams's Sentencing Guidelines range. It assigned a base offense level of 24 for Count One of Williams's indictment, pursuant to § 2K2.1(a)(2), which states that the defendant's base offense level for that count should be set at 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."

However, the U.S. Sentencing Commission Guidelines Manual states that "only those felony convictions that receive criminal history points" can be applied to § 2K2.1(a)(2). U.S. Sentencing Commission Guidelines Manual (2014) § 2K2.1 cmt 10. Williams received criminal history points for only one felony, his November 2002 conviction for the sale of a controlled substance. *See* (Gov't's Opp'n Mem., Ex. C, at 6–7); Part I.b *supra*.

Thus, the only question that remains is whether German denied Williams effective assistance of counsel by failing to challenge the error at sentencing. To demonstrate ineffective assistance of counsel, Williams must show that German's representation fell below an "objective standard of reasonableness," and that he was prejudiced because of it. *Strickland*, 466 U.S. at 688.

The Second Circuit's opinion in *Johnson v. United States*, 313 F.3d 815 (2d Cir. 2002), is instructive. Johnson was convicted of possession with the intent to distribute crack cocaine. *Id.* at 816. Both parties stipulated that the drugs Johnson sold actually weighed 48 grams, but they disagreed as to whether he had ever *agreed* to sell 56 grams, which is over two ounces and would therefore require a harsher sentence. *Id.* The PSR nonetheless incorrectly stated that Johnson had agreed to sell over 50 grams, and that Johnson's base offense level was 32 accordingly. *Id.* The PSR recommended a Guidelines sentence of 151 to 181 months. *Id.* Defense counsel did not object and the court adopted the PSR's findings in whole. *Id.* The court sentenced Johnson to 151 months, noting that it was the "minimum" allowed. *Id.* Had the PSR based its recommendation on the 48 grams Johnson actually sold, Johnson's base offense would have been 30, and his Guidelines range would have been 121 to 151 months. *Id.* at 818.

Johnson later filed a habeas petition contending that his counsel's failure to object to the PSR's base offense calculation constituted ineffective assistance of counsel. *Id.* at 816–17. The Second Circuit agreed, stating that "trial counsel's representation fell below the range of competence demanded of attorneys when he failed to challenge the PSR's computation of

---

Therefore, § 2K2.1(a)(2) does not apply to Williams. Instead, § 2K2.1(a)(4) should have been applied. Section 2K2.1(a)(4), which assigns a base level of 20, instead of 24, applies when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Consequently, Williams's base offense level should have been set at 21 after taking into account the three-point offense level reduction for timely acceptance of responsibility. Therefore, his Guidelines range should have been 117 to 131 months, not 130 to 147 months.

9

petitioner's offense," and therefore Johnson met the first prong of the *Strickland* test. *Id.* at 818.

The *Johnson* Court also found that Johnson had met the second prong:

> It is no answer to say, as the district court did, that defendant could have received the same sentence of 151 months at either level. The question is whether, but for the lapse, is there a reasonable probability the sentence would have been the same. We think not. Based on the record on appeal, we think the "reasonable probability" is that defendant's offense level would have been set at 30, and that he would have been sentenced to a period of incarceration less than 151 months. At sentencing, the district court commented favorably on petitioner and noted that he was giving him the "minimum" allowed by the higher range. Under these circumstances, there is a reasonable probability that he would not have sentenced him to the same 151 month period which was at the very top of the appropriate lower range (i.e., 121– 151 months). Thus, we find that petitioner was prejudiced by his attorney's failure to object to the sentencing calculation error.

*Id.*; *cf. Glover v. United States*, 531 U.S. 198 (2001) (holding that "any [increase in the] amount of actual jail time" due to Sentencing Guideline errors, constitutes prejudice under *Strickland*).

There are strong similarities between the facts of Williams's case and *Johnson*. Like Johnson, Williams's counsel failed to challenge an error in the PSR. Like Johnson, Williams's sentencing guidelines range was higher than it would have been without the error, and that range was relied upon by the sentencing court. Like Johnson, Williams was given a sentence on the "low-end" of the sentencing guidelines range, suggesting that Williams would have received a lower sentence had the PSR properly calculated his base offense level. Thus, *Johnson* provides direct and persuasive authority for Williams's claim of ineffective assistance of counsel.

The Court concludes that Williams was denied effective assistance of counsel. Accordingly, the Court holds that Williams was sentenced "in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255, and his sentence must therefore be vacated.

### IV.  CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is GRANTED. Williams's sentence is vacated. The Government shall contact the Court by February 25, 2015,

to schedule Williams's re-sentencing.  The Clerk of Court is directed to close this case; all pending motions are moot.

SO ORDERED.

Dated: New York, New York
February 19, 2015

                                                    /s/
                                      Kimba M. Wood
                              United States District Judge